UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TANDY CRANE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:12-CV-04060-K |
| | § | |
| EDUCATION FUTURES GROUP, | § | |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION & ORDER**</u>

Before the Court are Defendant's Opposed Motion to Enforce Settlement Agreement ("the Motion to Enforce") (Doc. No. 55), Defendant's Motion to Recover Fees and Costs Based on Unreasonable and Vexatious Multiplication of Litigation ("the Motion to Recover Fees and Costs") (Doc. No. 55), and Kilgore & Kilgore, PLLC and John H. Crouch, IV's (collectively "Plaintiff's Counsel") Motion to Withdraw as Attorneys of Record ("the Motion to Withdraw") (Doc. No. 60). The Court has reviewed the above motions, the briefing, the materials submitted by the parties, and the applicable law. The Court hereby **GRANTS** the Motion to Enforce (Doc. No. 55), **DENIES** the Motion to Recover Fees and Costs (Doc. No. 55), and **GRANTS** the Motion to Withdraw (Doc. No. 60).

I.      **Background**

Plaintiff alleges that Defendant violated the Family Medical Leave Act ("FMLA") by interfering with her FMLA rights and discriminating against her for exercising those

1

rights. She also alleges that Defendant violated the Americans with Disabilities Act ("ADA") by failing to provide her with reasonable accommodations for her disabilities and discriminating against her on the basis of her disability. On February 25, 2014, the parties appeared before Magistrate Judge Stickney for a settlement conference. After the parties exchanged several offers, Judge Stickney made a mediator's proposal under which Plaintiff would dismiss her claims with prejudice in exchange for a specific monetary amount. Plaintiff authorized Plaintiff's Counsel to sign and accept the proposal if Defendant would agree to provide a neutral reference for future employers. Doc. No. 60-1 at 2. Defendants accepted this addendum and attorneys for both parties signed the agreement ("the Settlement Agreement"). *See* Doc. No. 55-1 at 4–5. Soon thereafter, Plaintiff informed Judge Stickney that she had changed her mind and no longer agreed to the mediator's proposal. Plaintiff now wishes to withdraw her previous agreement.

Arguing that the Settlement Agreement is an enforceable contract, Defendant filed the Motion to Enforce on March 4, 2014. Plaintiff's Counsel does not believe Plaintiff has a good faith argument to disregard the binding effect of the Settlement Agreement. Plaintiff individually continues to assert that she may repudiate the Settlement Agreement and demands that this case proceed to trial. Because of this difference in opinion, Plaintiff's Counsel filed the Motion to Withdraw alleging Plaintiff "insists upon pursuing an objective that [Plaintiff's Counsel] considers repugnant or imprudent or with which the lawyer has fundamental disagreement." Doc. No. 60 at 2. Despite

Defendant's agreement to extend her response deadline, Plaintiff has yet to respond to the Motion to Enforce.

## II.   The Motion to Enforce

The Court first turns to the Motion to Enforce. Federal law governs the validity of a settlement agreement when "the substantive rights and liabilities of the parties derive from federal law." *Mid-S. Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984). Federal law considers a settlement agreement to be a contract. *Guidry v. Halliburton Geophysical Servs., Inc.*, 976 F.2d 938, 940 (5th Cir. 1992). "A binding settlement agreement exists where there is a manifestation of mutual assent, usually in the form of an offer and an acceptance." *Chen v. Highland Capital Mgmt., L.P.*, No. 3:10-CV-1039-D, 2012 WL 5935602, at *2 (N.D. Tex. Nov. 27, 2012). "Where a party has knowingly and voluntarily agreed to settle [her] claims and no change of circumstances warrants repudiation of the agreement, the courts will enforce the settlement agreement." *Weaver v. World Fin. Corp. of Tex.*, No. 3:09-CV-1124-G, 2010 WL 1904561 (N.D. Tex. May 12, 2010).

In this instance, Plaintiff and Defendant entered a binding agreement to dismiss with prejudice all claims involved in this case in exchange for a specific monetary amount. Though Plaintiff did not personally sign the Settlement Agreement, she is bound by Plaintiff's Counsel's signature on her behalf. *Maracich v. Spears*, 133 S. Ct. 2191, 2201 (2013) ("It is no less true than trite that lawyers must operate in a three-fold

capacity, as self-employed businessmen as it were, *as trusted agents of their clients*, and as assistants to the court in search of a just solution to disputes."); *DK Joint Venture 1 v. Weyand*, 649 F.3d 310, 314–15 (5th Cir. 2011) ("When an agent acting with actual or apparent authority makes a contract on behalf of a disclosed principal, (1) the principal and the third party are parties to the contract . . . ."). Plaintiff admits she instructed Plaintiff's Counsel to accept the Settlement Agreement on her behalf. Mr. Crouch, as Plaintiff's agent, was acting within his actual authority when he signed the Settlement Agreement. Further, Plaintiff's actions to authorize the Settlement Agreement and seek language regarding the "neutral reference" evidence her knowing, voluntary assent to be bound by the Settlement Agreement. Because Plaintiff knowingly and voluntarily authorized Plaintiff's Counsel to sign the Settlement Agreement, it is a binding contract. Because Plaintiff has made no showing of a change in circumstances that would warrant repudiation of the Settlement Agreement, the Court **GRANTS in part** the Motion to Enforce.

### III.    The Motion to Withdraw

The Court also concludes that the Motion to Withdraw should be **GRANTED**. Local Rule 83.12 requires an attorney that seeks to withdraw from a case to file a motion that:

specif[ies] the reasons requiring withdrawal and provide[s] the name and address of the succeeding attorney. If the succeeding attorney is not

known, the motion must set forth the name, address, and telephone

number of the client and either bear the client's signature approving

withdrawal or state specifically why, after due diligence, the attorney was

unable to obtain the client's signature.

N.D. Tex. Loc. R. 83.12(a). Whether to grant or deny an attorney's motion to withdraw

is entrusted to the discretion of the court. *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir.

1989).

The Motion to Withdraw meets the requirements of Local Rule 83.12(a). *See* Doc.

No. 60 at 4. Plaintiff's Counsel asserts that good cause for withdrawal exists because

Plaintiff's Counsel and Plaintiff "disagree about how to respond to the issue raised by

the [Motion to Enforce]." *Id.* at 2. In short, Plaintiff's Counsel believes there are no

grounds to repudiate the Settlement Agreement while Plaintiff wishes to repudiate and

proceed to trial. *Id.* As discussed above, the Settlement Agreement is a valid, legally

enforceable contract. The Court finds that Plaintiff's refusal to be abide by the terms of

the Settlement Agreement that she authorized constitutes good cause for Plaintiff's

Counsel to withdraw.

## IV.    The Motion to Recover Fees and Costs

Finally, the Court turns to Defendant's Motion to Recover Fees and Costs (Doc.

No. 55). All requested sanctions are **DENIED**.

V.      **Conclusion**

For the reasons stated above, the Motion to Enforce is **GRANTED** (Doc. No. 55), the Motion to Recover Fees and Costs is **DENIED** (Doc. No. 55), and the Motion to Withdraw is **GRANTED**. Plaintiff's Counsel is **ORDERED** to send a copy of this order to Plaintiff. Any relief not specifically granted herein is **DENIED**. The Court has filed a judgment today enforcing the parties' compliance with the Settlement Agreement.

**SO ORDERED**

Signed May 21st, 2014

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE